UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA SANDRA RIVERA,

        Plaintiff-Petitioner,

v.

ERIC H. HOLDER, *et al.*,

        Defendants-Repondents.

Case No. C14-1597RSL

ORDER CONCERNING IMPLEMENTATION OF THE COURT'S ORDER GRANTING SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on the parties' joint stipulation and supplemental briefing in response to the Court's April 13, 2015 Order in this matter. Dkt. # 49; Dkt. # 50; Dkt. # 52; Dkt. # 54; Dkt. # 56. Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows.[1]

## II. DISCUSSION

In its April 13, 2015 Order, the Court held that "Immigration Judges in Seattle and Tacoma presiding over bond hearings conducted pursuant to 8 U.S.C. § 1226(a) must henceforth consider whether to grant conditional parole in lieu of imposing a monetary bond." Dkt. # 45 at 20. The Order did not grant immediate rehearings to immigration detainees in this District who had already received bond hearings and had a bond imposed but remained detained as of the date

---

[1] The Court incorporates by reference the case background provided in its previous Order. Dkt. # 45.

ORDER CONCERNING IMPLEMENTATION OF THE
COURT'S ORDER GRANTING SUMMARY JUDGMENT - 1

of the Order. Dkt. # 45 at 20-21. Instead, the Court requested supplemental briefing on how to implement the Order with respect to these detainees. Id. The parties have met and conferred and have filed a stipulated proposal for scheduling bond rehearings for these 31 individuals. Dkt. # 49. The Court finds the parties' stipulated proposal acceptable. However, the parties disagree concerning what information defendants should provide to the Court and to class counsel to verify their compliance with the Court's Order.

Plaintiff-petitioner ("plaintiff") proposes that defendants should be required to submit a report to the Court every quarter (i.e., every three months) detailing the following information:

1. The names and Alien Numbers of class members detained during that quarter (including those released on conditional parole or after posting bond);
2. The date that immigration custody commenced for these class members;
3. The bond amount, if any, set by U.S. Immigration and Customs Enforcement ("ICE") with respect to each class member;
4. The date of each custody redetermination hearing before the Immigration Judge and outcome of the custody redetermination hearing, either including the bond amount set or confirming the class member's release on conditional parole;
5. Whether the class member in question was represented at his custody redetermination hearing; and
6. Whether the class member posted bond if bond was granted.

Dkt. # 50 (Pl. Proposal) at 4. Plaintiff requests that the Court require defendants to submit these quarterly reports for the next three years "so that Class Counsel can fulfill their obligations in representing class members who should receive the relief provided by the Court's Order." Id. at 5. Plaintiff argues that this reporting requirement is essential to ensure compliance with the Court's Order, given defendants' longstanding refusal to consider requests for conditional parole "despite the plain language" of 8 U.S.C. § 1226(a). Id. Plaintiff further requests that the Court hold that it may extend the reporting period at the end of three years if class counsel shows good cause as to why further reporting is needed to protect the class. Id.

Plaintiff additionally requests that the Court require defendants to record custody redetermination hearings for class members in order to ensure that class members have an adequate record to appeal any decision where an Immigration Judge ("IJ") fails to consider a

ORDER CONCERNING IMPLEMENTATION OF THE
COURT'S ORDER GRANTING SUMMARY JUDGMENT - 2

class member's request for release on conditional parole. Id. at 7. Plaintiff emphasizes that only a limited number of custody redetermination hearings are recorded, and argues that this impedes administrative appellate review. Id.

Plaintiff's proposal goes beyond the scope of the relief that the Court granted in its previous Order. Furthermore, the Court is not convinced that the proposed reporting and recording requirements are needed to insure compliance with the Order. Plaintiff has not shown that IJs' previous refusal to release detainees on conditional parole was the product of bad faith; instead, the problem giving rise to this action was that IJs in this District were unaware that they could grant conditional parole. See Dkt. # 5 (Arno Decl.) ¶ 3 (IJ in plaintiff's case ruled that he lacked jurisdiction under § 1226(a) to consider plaintiff's request for release on conditional parole). This problem is being remedied by the Court's Order and by new guidance from the Executive Office of Immigration Review. Dkt. # 56-2 (Maggard Decl.). The Court presumes that IJs in this District will do what they are obligated to do and comply with the Court's Order, consistent with the presumption of regularity that attaches to the actions of government agencies, see United States Postal Serv. v. Gregory, 435 U.S. 1, 10 (2001).

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's proposal for the Court to impose a reporting requirement on defendants and order custody hearings to be recorded is DENIED. Dkt. # 50. The bond rehearings contemplated by the Court's previous Order (for aliens detained pursuant to § 1226(a) after receiving bond hearings and having bonds imposed) should be carried-out pursuant to the parties' June 5, 2015 joint stipulation. Dkt. # 49.

DATED this 29th day of June, 2015.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER CONCERNING IMPLEMENTATION OF THE
COURT'S ORDER GRANTING SUMMARY JUDGMENT - 3